**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| **VERNON L. DONNELLY,** | **Case No. C-3-05-388** |
| **Plaintiff,** | |
| -vs- | **Judge Thomas M. Rose** |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | |
| **Defendant.** | |

---

**ENTRY AND ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (Doc. #14) AND TERMINATING THIS CASE**

---

This is a dispute about a homeowner's insurance claim brought by Plaintiff Vernon L. Donnelly ("Donnelly") against Defendant State Farm Fire and Casualty Company ("State Farm"). Donnelly's First Claim for Relief is for payment of an insurance claim. His Second Claim for Relief is for failure to exercise good faith in the processing of the insurance claim and his Third Claim for Relief is for cancelling the insurance without good cause and for failing to accept his application for a personal liability umbrella policy.

Donnelly's Complaint was initially filed in the Common Pleas Court of Clark County, Ohio on October 6, 2005. State Farm subsequently removed the Complaint to this Court based upon diversity jurisdiction, and Donnelly has not opposed the removal.

Pursuant to a Preliminary Pretrial Conference, the discovery deadline was set for January 26, 2007, and the deadline for filing motions for summary judgment was set for February 26, 2007. (Doc. #5.) Then, following a request by Donnelly, the discovery deadline was extended to

June 15, 2007, and the deadline for filing motions for summary judgment was extended to July 13, 2007. (Doc. #13.) At that same time, following a request by State Farm, the trial date was moved from October 1 to October 29, 2007.

When Donnelly's counsel did not initiate and the Parties did not timely submit a proposed Final Pretrial Order as required by this Court's General Order #1, the scheduled Final Pretrial Conference was changed to a telephone conference. At that telephone conference, Donnelly's counsel indicated that he believed that the trial date and all deadlines prior to the trial date had been reset. This was not the case but the Court, in the interest of justice, did give Donnelly until not later than September 7, 2007, to respond to State Farm's timely filed and pending Motion for Summary Judgment.

September 7, 2007, has now passed and Donnelly has not filed a response to State Farm's Motion for Summary Judgment. State Farm's Motion for Summary Judgment is, therefore, ripe for decision. A brief factual summary will first be set forth followed by the standard of review for motions for summary judgment and an analysis of State Farm's Motion for Summary Judgment.

## FACTUAL SUMMARY

Donnelly has not presented any Rule 56 evidence. The following facts are undisputed facts taken from Donnelly's Complaint and facts taken from the Rule 56 evidence presented by State Farm.

Donnelly was the owner of a residence located at 358 East High Street in Springfield, Ohio. (Compl. ¶ 1.) On or about March 9, 2002, Donnelly's home sustained fire and smoke

damage as a result of the next-door-neighbor's house catching fire. He was paid approximately $13,518 for that loss.

Donnelly procured homeowner's insurance policy number 35-K8-2961-8 (the "Policy") from State Farm that provided insurance from August 3, 2003, to August 3, 2004. (Id. ¶ 4.) On or about July 1, 2004, personal property belonging to Donnelly was stolen from his residence. (Id. ¶ 5.) The stolen personal property included a collection of Longaberger products, guns, a camera, a computer and other collectibles. (Id.) The Longaberger products were, according to Donnelly, valued at $156,992. (Id.)

Donnelly informed State Farm that a theft had occurred. (Id. ¶ 6.) State Farm investigated the claim and learned that an individual named Mary Barnhart ("Barnhart") was making a claim to the Longaberger products that were stolen from Donnelly's home in a separate lawsuit. (Deposition of Vernon L. Donnelly ("Donnelly Dep.") 29, 51 May 24, 2007.) The lawsuit, Case No. 03-CV-0445, is currently pending in the Court of Common Pleas of Clark County, Ohio. State Farm paid Donnelly $2,102.77 for the remainder of the stolen property and continues to try to determine the owner of the other items that were stolen. (Deposition of Christie Charlton ("Charlton Dep.") 88 June 6, 2007; Donnelly Dep. 97.)

Donnelly initially provided Barnhart's name to State Farm. (Charlton Dep. 68.) Barnhart was a Longaberger representative. (Donnelly Dep. 29.) Donnelly considered going into a business with Barnhart involving the Longaberger products. (Charlton Dep. 68.) However, Donnelly denies that Barnhart owns any of the Longaberger products involved in this lawsuit. (Donnelly Dep. 50.)

On July 14, 2004, State Farm Claim Representative Christie Charlton ("Charlton") attempted to contact Barnhart to determine whether she was continuing to claim an ownership interest in the Longaberger products. (Charlton Dep. 66.) In response, Charlton received a voice mail from Barnhart on July 29, 2004, asking Charlton to contact her attorney, James Greene. (Id. 66-67.) Charlton then contacted Mr. Greene who indicated that he had advised Barnhart not to speak to Charlton because Barnhart had no involvement in the theft. (Id. 135.) Mr. Greene also requested that, if Charlton wanted a response, she should send a letter to Donnelly's attorney who would forward the letter to Mr. Greene. (Id.)

On August 27, 2004, Charlton attempted to call and sent a letter to Donnelly's attorney, Mr. Robert Bostick. (Id. 122, 135.) On September 7, 2004, Charlton spoke with Mr. Bostik, Donnelly's attorney, who advised her that he had not received the letter and asked her to send it to a different address. (Id. 136-37.)

On October 11, 2004, Charlton paid Donnelly for the items whose ownership were not in dispute. (Id. 88.) When Donnelly was paid, he was told that State Farm was awaiting a response from Barnhart regarding ownership of the remaining items on Donnelly's claim. (Id. 87-88.)

On November 4, 2004, Donnelly told Charlton that his attorney had taken Barnhart's deposition. (Id. 128.) Donnelly suggested that Charlton call Mr. Bostik to find out what Barnhart said. (Id.) When called, Mr. Bostik reported that he did not think that Barnhart made any reference to an ownership interest in the Longaberger products. (Id. 133.)

On January 24, 2005, a State Farm attorney advised Charlton that the only way to establish who owned the Longaberger products was through a court resolution of the case Barnhart had brought against Donnelly in state court or to have Barnhart sign an affidavit

disclaiming ownership. (Charlton Dep. 142, Donnelly Dep. 105.) State Farm argues that Barnhart refused to sign the affidavit and the state court case has not yet been resolved. However, this argument is unsupported by Rule 56 evidence.

The homeowner's policy issued to Donnelly includes a non-renewal provision. (Def. Mot. Summ. J. Ex. D.) This provision is as follows:

> 6. **Nonrenewal.** We may elect not to renew this policy. If we elect not to renew, a written notice will be delivered to you, or mailed to you at your mailing address shown in the **Declarations**. The notice will be mailed or delivered at least 30 days before the expiration date of this policy. Proof of mailing shall be sufficient proof of notice.

(Id.)

On June 17, 2005, State Farm sent a letter to Donnelly declining to renew the homeowner's insurance policy effective August 3, 2005, at 12:01 a.m. (Compl. ¶ 11.) State Farm argues that the homeowner's policy was not renewed due to overall claim activity and that it rejected a personal liability umbrella policy application from Donnelly because it was no longer carrying the underlying homeowner's insurance. These arguments are, also, not supported by Rule 56 evidence.

On October 6, 2005, Donnelly filed the Complaint that is the subject of this litigation. Having set forth a brief summary of the Rule 56 evidence and relevant argument presented by State Farm, the analysis turns to the standard of review for motions for summary judgment.

## STANDARD OF REVIEW

The standard of review applicable to motions for summary judgment is established by Federal Rule of Civil Procedure 56 and the associated caselaw. Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Alternatively, summary judgment is denied "[i]f there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). Thus, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the non-moving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324.

Case: 3:05-cv-00388-TMR Doc #: 17 Filed: 09/13/07 Page: 7 of 13  PAGEID #: 86

In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the non-moving party and draw all reasonable inferences in the favor of that party. *Anderson*, 477 U.S. at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe by determining which parties' affiants are more credible. 10A Wright & Miller, *Federal Practice and Procedure*, §2726. Rather, credibility determinations must be left to the fact-finder. *Id.*

However, the mere existence of a scintilla of evidence in support of the non-moving party is not sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252. "There must be evidence on which the jury could reasonably find for the plaintiff." *Id.* The inquiry, then, is whether reasonable jurors could find by a preponderance of the evidence that the non-moving party is entitled to a verdict. *Id.*

Finally, in ruling on a motion for summary judgment, "[a] district court is not …obligated to wade through and search the entire record for some specific facts that might support the non-moving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, the court is entitled to rely upon the Rule 56 evidence specifically called to its attention by the parties. The Rule 56 evidence includes the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted. Fed. R. Civ. P. 56(c).

Donnelly's Complaint includes causes of action brought pursuant to the laws of Ohio. In addition to applying the federal procedural standard for motions for summary judgment, as a federal court located in Ohio exercising diversity jurisdiction, this Court must apply Ohio

-7-

substantive law unless the law of another state is specifically implicated. *Hisrich v. Volvo Cars of N. America, Inc.*, 226 F.3d 445, 449 (6th Cir. 2000). This Court must apply the substantive law of Ohio "'in accordance with the then-controlling decision of the highest court of the state.'" *Imperial Hotels Corp. v. Dore*, 257 F.3d 615, 620 (6th Cir. 2001) (quoting *Pedigo v. UNUM Life Ins. Co.*, 145 F.3d 804, 808 (6th Cir. 1998)).

To the extent that the highest court in Ohio has not addressed the issue presented, this Court must ascertain from all available data, including the decisional law of Ohio's lower courts, what Ohio's highest court would decide if faced with the issue. *Id.; Bailey v. V. & O. Press Co., Inc.*, 770 F.2d 601, 604 (6th Cir. 1985). Finally, where Ohio's highest court has not addressed the issue presented, a federal court may not disregard a decision of an Ohio appellate court on point unless the federal court is convinced by other persuasive data that the highest court of Ohio would decide otherwise. *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1485 (6th Cir. 1989).

The analysis next turns to State Farm's Motion for Summary Judgment. Each of Donnelly's Claims will be addressed seriatim.

**HOMEOWNER'S INSURANCE CLAIM**

Donnelly argues that he is entitled to the proceeds of his homeowner's insurance policy for the theft of the Longaberger products. State Farm responds that it owes for the insurable interest in the Longaberger products and had not refused to pay the claim but is yet unable to determine if Donnelly has an insurable interest in the Longaberger products.

Both the United States Supreme Court and the Ohio Supreme Court have determined that an insured must have an insurable interest in the property before he or she can recover on a

policy insuring against damages to the property. *Westfall v. American States Ins. Co.*, 334 N.E.2d 523, 525 (Ohio Ct. App. 1974) (citing *Connecticut Mut. Life Ins. Co. v. Schaefer*, 94 U.S. 457 (1876); *Richland County Mut. Inc. Co. v. Sampson*, 38 Ohio St. 672 (1883)). As a result, State Farm is not required to pay the insurance claim on the Longaberger products until ownership of the Longaberger products is determined. Further, there is a question as to ownership of the Longaberger products and Donnelly has not yet shown that he has an insurable interest or what that insurable interest may be. Therefore, State Farm is not yet required to pay Donnelly's insurace claim for the Longaberger products.

Fed. R. Civ. P. Rule 56(e) provides that, if the adverse party does not respond to a motion for summary judgment, if appropriate, summary judgment is to be entered against the adverse party. *See also Celotex Corp.*, 477 U.S. at 324. In this case, Donnelly is the adverse party and has not responded to State Farm's Motion for Summary Judgment. Further, there are no genuine issues of material facts and State Farm is entitled to judgment as a matter of law on Donnelly's current claim for the proceeds of his homeowner's insurance policy for the theft of the Longaberger products.

**FAILURE TO EXERCISE GOOD FAITH ON HOMEOWNER'S CLAIM**

Donnelly's Second Claim for Relief is that State Farm failed to exercise good faith in the processing of his claim for the proceeds of his homeowner's insurance policy. State Farm responds that it has not acted in bad faith by attempting to determine Donnelly's insurable interest in the Longaberger products.

"An insurer has the duty to act in good faith in the handling and payment of the claims of its insured." *Hoskins v. Aetna Life Ins. Co.*, 452 N.E.2d 1315, 1319 (Ohio 1983). "A lack of good

faith is the equivalent of bad faith …" and bad faith, although not susceptible of concrete definition, embraces more than bad judgment or negligence. *Id.* at 1320. Bad faith "imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another." *Id.*

Refusal to pay an insurance claim is not, in itself, conclusive of bad faith. *Id.* (citing *Hart v. Republic Mut. Ins. Co.*, 87 N.E.2d 347, 349 (Ohio1949)). However, the conduct of the insurer must be based upon circumstances that provide reasonable justification therefore. *Id.* In addition to providing a reasonable justification for its decision, the insurer's conduct must not be arbitrary or capricious. *Id.*

In this case State Farm, the insurer, made payment on the portion of the claim in which Donnelly's property ownership was not in dispute. Further, while State Farm indicates that it may owe someone for an insurable interest, it is not obligated to pay for property in which the claimant has no insurable interest and Donnelly's insurable interest in the Longaberger products is questionable, at best.

State Farm has given a reasonable justification for its decision to withhold payment for the Longaberger products. Further, Donnelly has not shown, nor is there any Rule 56 evidence, that State Farm's decision to withhold payment until the insurable interest is determined is arbitrary or capricious.

Fed. R. Civ. P. Rule 56(e) provides that, if the adverse party does not respond to a motion for summary judgment, if appropriate, summary judgment is to be entered against the adverse party. *See also Celotex Corp.*, 477 U.S. at 324. In this case, Donnelly is the adverse party and

has not responded to State Farm's Motion for Summary Judgment. Further, there are no genuine issues of material facts and State Farm is entitled to judgment as a matter of law on Donnelly's Second Claim for Relief that State Farm failed to exercise good faith in the processing of his claim for the proceeds of his homeowner's insurance policy.

### FAILURE TO EXERCISE GOOD FAITH IN CANCELLING INSURANCE POLICY AND REFUSING TO ACCEPT APPLICATION FOR A PERSONAL LIABILITY UMBRELLA POLICY

Donnelly's Third Claim for Relief is that State Farm abruptly and without cause cancelled his homeowner's insurance policy and refused to accept his application for a personal liability umbrella policy. State Farm responds that it has not acted in bad faith by not renewing the homeowner's policy and by not accepting Donnelly's application for a personal liability umbrella policy.

Ohio courts have decided that parties to an insurance contract are free to fix the terms and conditions upon which a policy may be cancelled by the insurer. *Gibbons v. Kelly*, 101 N.E.2d 497, 499 (Ohio 1951)(citing *Phoenix Mutual Fire Insurance Co. v. Brecheisen*, 35 N.E. 53 (Ohio 1893)). In this case, the Policy provides that, without further restrictions, State Farm may elect to not renew the policy. The Policy had a one-year term and it, according to State Farm, renewed on August 3, 2002, August 3, 2003, and August 3, 2004. Even though the Policy did not require that a reason be given, State Farm argues that it elected to not renew the Policy on August 3, 2005, because of the claim history.

The Policy permitted State Farm to elect not to review the Policy without giving a reason therefore. As a result, State Farm's actions regarding renewal were reasonable and can hardly be said to be arbitrary or capricious.

With regard to the application for a personal liability umbrella policy, State Farm argues that a policy was never issued and the umbrella policy was ineffective unless the underlying homeowner's policy was in place. Therefore, State Farms actions regarding the application for a personal liability umbrella policy were reasonable and can hardly be said to be arbitrary or capricious.

Donnelly has presented no evidence and there is no evidence on the record that State Farm failed to act in good faith regarding renewal of the homeowner's policy and regarding Donnelly's application for a personal liability umbrella policy. Therefore, there are no genuine issues of material facts and State Farm is entitled to judgment as a matter of law on Donnelly's Third Claim for Relief that State Farm failed to exercise good faith in failing to renew his homeowner's policy and in failing to accept his application for a personal liability umbrella policy.

## SUMMARY

Donnelly has not responded to State Farm's Motion for Summary Judgment. Fed. R. Civ. P. Rule 56(e) provides that, if the adverse party does not respond to a motion for summary judgment, if appropriate, summary judgment is to be entered against the adverse party.

Further, there are no genuine issues of material facts and State Farm is entitled to judgment as a matter of law on all three of Donnelly's Claims for Relief. Therefore, State Farm's

Motion for Summary Judgment is GRANTED. Donnelly's First Claim for Relief is DISMISSED without prejudice to renewal if he proves an insurable interest and State Farm refuses to pay. Donnelly's Second and Third Claims for Relief are DISMISSED with prejudice. The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Thirteenth day of September, 2007.

                                                  **s/Thomas M. Rose**

                                                  _____

                                                  THOMAS M. ROSE
                                           UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record